COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:  Theresia Riggs v. Joseph Michael Perlman, M.D.

Appellate case number: 01-13-00974-CV

Trial court case number: 2013-25072

Trial court:     215th District Court of Harris County

  Appellant Theresia Riggs appeals from the trial court's October 14, 2003 "Order of Dismissal with Prejudice," which granted the motion to dismiss of appellee Joseph Michael Perlman, M.D. This order does not dispose of all parties and claims or purport to be a final judgment, and no order of severance appears in the record. Accordingly, this is an interlocutory order. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

  Generally, appeals may be taken only from final judgments. *Id.* Interlocutory orders may be appealed only if authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). The Texas Civil Practice & Remedies Code authorizes an interlocutory appeal from an order that denies a physician's motion to dismiss based on a medical-malpractice plaintiff's failure to serve an expert report within the statutory time frame. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (West Supp. 2012); *see also id.* § 74.351 (West Supp. 2013). It also authorizes an interlocutory appeal from an order that grants a motion challenging the adequacy of an expert report. *See id.* § 51.014(a)(10); *see also id.* § 74.351(l).

  The order that Riggs challenges on appeal is one granting a physician-defendant's motion to dismiss based on her failure to serve an expert report. As such, this interlocutory appeal is not authorized by statute. *See id.* § 51.014.

  Accordingly, the Court orders Riggs to file a written response to this order, providing a detailed explanation, citing relevant portions of the record, statutes, rules, and case law to show that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P.

42.3(a). The response is **due** no later than **April 2, 2014**. The reply, if any, from the appellee is **due** no later than **April 7, 2014**.

If a meritorious response is not received by the deadline, the Court may dismiss the appeal for want of jurisdiction without further notice.

It is so ORDERED.

Judge's signature: /s/ Michael Massengale
                    Acting individually

Date: March 26, 2014